### HILL v. BANKERS' LIFE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Westchester County. May, 1908.)

INSURANCE—SURRENDER OF POLICY—SURRENDER VALUE.

 Insured, in a policy stipulating for an annual premium due on June 6th each year, and for a cash surrender value on the surrender of the policy while in force, wrote on June 4th to the insurer that he desired to surrender the policy and withdraw the surrender value, and asked for information whether the value stated in a table in the policy was correct and for the method in making the withdrawal. Insurer, on June 5th, erroneously stated that any cash value was contingent on certain paragraphs of the contract. Insured, not understanding the letter, wrote on June 6th to that effect, and stated that he desired to surrender the policy and take the surrender value. On June 13th insurer replied that the policy had no cash value, but insured could elect to take paid-up or extended insurance. *Held* that, since insurer's letter of June 5th was a refusal to pay any cash on a surrender of the policy on the ground that it had no cash value, insured was relieved from the duty of making an absolute offer of surrender and demand for payment, and his right to demand the cash surrender value could not be defeated by a failure to pay the annual premium which fell due June 6th.

Action by Edward F. Hill against the Bankers' Life Insurance Company of the City of New York. Judgment for plaintiff.

Nathan P. Bushnell, for plaintiff.
Van Schaick & Brice, for defendant.

MILLS, J. This is an action to recover the alleged surrender value of a life insurance policy issued by the defendant to the plaintiff, and has been tried before me without a jury by consent of the respective counsel. The policy was issued and the first annual premium paid on the 6th day of June, 1898, and the plaintiff paid thereafter each annual premium as it fell due; that is, on the 6th of June each year, up to and inclusive of the eighth, which fell due June 6, 1905. The policy contained a provision to the effect:

 "That, after three full annual premiums shall have been paid hereon, upon surrender of this policy, while still in force, at the said home office, the insured may withdraw in cash the full amount of the surrender value."

And later in the policy such values were given at the end of several years, respectively, and the value at the end of the eighth year was given as the sum of $902.35. On the 4th of June, 1906, the plaintiff, at Peekskill, in this county, where he resided, addressed to the defendant, at its home office in the city of New York, a letter of that date, in which he stated that, in accordance with the provisions of the policy, he desired "to surrender the same and withdraw in cash the full surrender value." The letter further stated that the policy had been in force eight years, and under the table attached should net $902.35; and it asked from the defendant information whether such value was correct, and, if not, what the present surrender value was, and also "as to the methods to be followed in making the withdrawal." To this letter the defendant, by its secretary, replied on the following day, June 5th, acknowledging the receipt of the letter, and continuing:

"And in reply thereto would state that the contract entered into by this company with yourself was upon an assessment basis. Any cash or loan value presumably attaching thereto is contingent upon paragraph 4 of page 2 of said contract."

Such paragraph, upon examination by the plaintiff, was found to have no reference to the matter in hand, and is now conceded by the defendant's counsel to have been erroneously referred to by the secretary. The plaintiff, being unable to understand such letter, replied to it on the following day, June 6th, stating, in effect, that he was unable to understand the reference to the paragraph, and continuing:

"As stated in my letter of 4th inst., I desire to surrender my policy No. 5640 and take full cash surrender value for same. The table aforementioned gives the surrender value of said policy at the termination of the eighth year as $902.35, and I am now asking you if that is correct. If not, what is the present surrender value for said policy and what forms do you prescribe for realizing same?"

The defendant did not reply to this letter until the 13th of June, and then wrote, acknowledging the receipt of plaintiff's letter of June 6th, and continuing:

"And in reply thereto would state that the contract entered into between yourself and this company under No. 5640 on June 6, 1898, was of an assessment character. It has no cash value, and whatever equity is yours is of an insurance character. It is for you to elect, under section 88 of the Laws of this state, as to whether you will partake of paid-up insurance or extended insurance for the full face of your policy."

This letter was, in effect, a declaration by the defendant that under the plaintiff's policy there was no cash surrender value at any time to which the plaintiff might be entitled, but that his right upon surrender was to paid-up insurance or extended insurance, as he might elect. In effect, also, the letter was the defendant's statement that such had been the meaning and intention of its letter of the 5th of June; and I think, in view of the terms of the policy and the facts appearing upon the trial, such is to be regarded as having been the meaning of that letter. It therefore seems to me that the letter of June 5th was intended by the defendant as a declaration that the policy had no cash surrender value, and that, therefore, the plaintiff's request to receive such could not be granted.

The defendant now defends upon the ground that the ninth annual premium of $205 became due on the 6th of June, and that, when the defendant's letter of June 13th was written, the plaintiff was in default for the nonpayment of such premium, and therefore, under the terms of the policy, that the policy was not in force at that time and the plaintiff was not then entitled to receive any surrender value. This is a ground which was not assigned by the defendant in its letter of June 13th, and appears to be entirely inconsistent with the position taken in that letter. It seems to me that, under all the circumstances, defendant's letter of the 5th of June, while equivocal in expression, must be deemed to have been a refusal to pay to the plaintiff any cash upon a surrender of the policy, upon the ground that the policy had no cash surrender value. It is well-established doctrine that such an absolute refusal, upon such a ground, relieved the plaintiff from the duty of making, at the home office of the defendant, an absolute offer of surrender and demand for payment. The position taken by the defendant in the letter of June 5th, as explained by its letter of June 13th, rendered such proceeding unnecessary and abortive. It is conceded upon the trial that the defendant's secretary was in error in his claim, made in the defendant's letters as above recited, that the policy did not have a cash surrender value at the time when the plaintiff wrote his first letter above referred to.

I conclude, therefore, that the plaintiff is entitled to recover the cash surrender value of the policy at the end of the eighth year, viz., the sum of $902.35, with interest thereon from the 6th day of June, 1906.